[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11035
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20678-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVOR RANSFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 20, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Trevor Sherrod Ransfer appeals his sentence of 741months of imprisonment, which the district court imposed after the government concurred in Ransfer's motion to vacate, 28 U.S.C. § 2255, two of his nine convictions arising from his participation in a conspiracy to interfere with interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a). The district court resentenced Ransfer, for his seven remaining convictions, to four concurrent terms of 57 months of imprisonment for conspiring to commit a robbery that affected interstate commerce and three counts of robbery, *id*, a consecutive term of 84 months for possessing a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(ii), and two 300-month terms for two additional counts of possessing of a firearm, *id.*, to run consecutively to one another and to Ransfer's other sentences. This sentence, Ransfer argues, is procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "That familiar standard 'allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir.2004) (*en banc*)). We will not disturb the sentence unless "we are left with the definite and firm conviction that the district

court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

Ransfer's sentence is procedurally and substantively reasonable. Ransfer argues that the district court failed to consider the statutory sentencing factors, but the court stated that its sentence reflected the "seriousness of [Ransfer's] original underlying criminal conduct"; Ransfer's background and history, which contained "instances of violence associated with . . . criminal behavior . . . [about which] he just never seemed to get the message" that "what he was doing was wrong"; and the need for the sentence "to deter further recividism." *See* 18 U.S.C. § 3553(a). The district court fashioned its sentence to punish Ransfer for wielding a firearm during four robberies and for pistol whipping one victim who tried to escape, to account for Ransfer's history of violent conduct, which included choking his sister and battering his mother and hitting his pregnant girlfriend three times with a chair, and to deter Ransfer from committing similar crimes in the future. The district court reasonably determined that sentences at the low end of the advisory range for his conspiracy and robbery offenses coupled with the mandatory sentences for his firearm offenses satisfied the statutory purposes of sentencing. *See id.* Ransfer argues that the length of his sentence suggests that the district court failed to account for the need to avoid unwarranted sentencing disparities, *see id.*

3

§ 3553(a)(6), but as the district court stated, Ransfer was not similarly situated to coconspirators who "admitted . . . guilt" and took "the first step towards rehabilitation or remorsefulness," which affects how to "fashion[] a sentence for a particular defendant." *See United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015); *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). The district court did not abuse its discretion by sentencing Ransfer to 741 months of imprisonment.

We **AFFIRM** Ransfer's sentence.